# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### February 20, 2002 Session

## STATE OF TENNESSEE v. CHIVOUS SIRREL ROBINSON

**Direct Appeal from the Criminal Court for Knox County**
**No. 69238     Richard Baumgartner, Judge**

_____

**No. E2001-00865-CCA-R3-CD**
**February 28, 2003**
_____

The defendant, Chivous Sirrel Robinson, was convicted of one count of solicitation to commit first degree murder and one count of second degree murder. He was sentenced to twenty-three years incarceration for the second degree murder conviction and nine years incarceration for the solicitation conviction. The sentences were ordered to run consecutively. In this appeal the defendant argues that (1) the trial court erred in declining to admit at the defendant's request the redacted statement of Toni Hill, the alleged co-perpetrator of the murder, (2) the trial court erred in denying the defense's motion to sever the solicitation count from the substantiative murder count for purposes of trial, (3) the trial court erred in admitting certain photographs of the victim's body, and (4) the trial court erred in ordering consecutive sentencing.

After a thorough review of the record and the applicable law we find no reversible error. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Mike Whalen, Knoxville, Tennessee, for the appellant, Chivous Sirrell Robinson.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

Although the defendant does not contest the sufficiency of the evidence against him, a brief synopsis of such evidence is necessary for a complete understanding of this case.

The defendant and the victim in this case, Ms. Stacy Robinson, were married in the summer of 1997. A son was born to the couple in November of that same year. In the spring of 1998 the couple separated and became quarrelsome over custody and visitation issues involving their child. During this period the defendant complained to at least three (3) witnesses that he was upset over his wife's refusals to let him see his son. The defendant referred to his wife with vulgar names and asked these witnesses if they knew how he could get rid of Ms. Robinson.

Eventually, the defendant solicited Daniel Jones to kill Ms. Robinson. The defendant offered Jones a car and a CD player to murder Ms. Robinson. Jones agreed and the defendant furnished Jones with a map to Ms. Robinson's residence as well as a diagram of the trailer which was occupied by a number of people indicating where each individual slept. The defendant took Jones to the trailer and showed him how to get in the trailer without being seen. Before Jones could commit the murder he was arrested on murder charges.

On November 29, 1998, the woman with whom the defendant had shared an apartment since his separation, Ms. Toni Hill, visited a neighbor while the defendant, Ms. Robinson and the couple's son all met in the apartment shared by the defendant and Ms. Hill. Eventually, the neighbor and Ms. Hill returned to the defendant's apartment where the defendant told the neighbor that Ms. Robinson had left so that he could spend some time alone with his son. Later that evening the neighbor observed both the defendant and Ms. Hill struggling to get a large box through the breeze way of the apartment building. The neighbor observed what appeared to be black curly hair inside the box.

On December 12, 1998, fishermen found the body of Ms. Robinson in the Tennessee River. Her neck and hands had been duct taped. The cause of death was strangulation.

The defendant testified that during the November 29 visit by Ms. Robinson and the couple's son he and his ex-wife argued over whether the child could spend the night with the defendant and Ms. Hill. During the argument the defendant pushed Ms. Robinson causing her to hit a bedpost and rendering her unconscious.

The defendant heard a knock at the door and went to answer it, leaving Ms. Hill alone with the unconscious Ms. Robinson. After about ten (10) minutes he returned to the bedroom where he found Ms. Robinson's lifeless body leaning on the bedroom dresser with a belt around her neck. According to the defendant, he and Ms. Hill then stuffed Ms. Robinson's body in a box and dropped it in the Tennessee River.

## Redacted Statement of Toni Hill

The defendant complains that the trial court erred in denying his motion to admit a redacted version of two (2) statements given to police by Toni Hill. We must respectfully disagree.

On March 30, 1999, Ms. Hill made two (2) statements to the police. In the first of these she stated that she and the defendant had never talked about having someone kill Ms. Robinson. Ms. Hill recounted that on November 29, 1998, she found Ms. Robinson lying unconscious on the bedroom floor of her apartment. She said that the defendant then strangled Ms. Robinson to death. In her second statement Ms. Hill admitted that she knew the defendant wanted his wife killed. Ms. Hill reiterated that she found Ms. Robinson on the bedroom floor unconscious with her hands and feet bound in duct tape. According to Ms. Hill the defendant got a belt and started to strangle Ms. Robinson when there was a knock at the door. While the defendant was gone Ms. Robinson started

to regain consciousness and make noise. Ms. Hill then pulled on the belt to quieten Ms. Robinson. When the defendant returned he took over pulling the belt for the "couple of minutes" it took to kill Ms. Robinson.

At trial the defendant sought to have the trial court admit into evidence only the part of the first statement where Ms. Hill said that she and the defendant had not talked about killing Ms. Robinson. The defendant also sought admission of the portion of the second statement wherein Ms. Hill stated that she had pulled on the belt while the defendant was answering the door. The State objected insisting that if Ms. Hill's statements were to be admitted they should be admitted in their entirety. The trial court ruled that introduction of these statements redacted in this manner would mislead the jury as to the actual substance of Ms. Hill's admissions to the police.[1]

The defendant asserts that this evidentiary ruling deprived him of due process of law by denying him the opportunity to convince the jury that Ms. Hill had admitted that she, not the defendant had killed Ms. Robinson. In support of this assertion the defendant cites Chambers v. Mississippi, 410 U.S. 284, 93 S. Ct. 1038, 30 L. Ed. 2d 297 (1973).

In Chambers the United States Supreme Court held that a state may not enforce its hearsay and witness voucher rule in a way that prevents the defense from eliciting trustworthy testimony that someone other than the defendant committed the offense in question. The Court found that such a mechanistic application of these evidentiary rules undermined the truth finding process of the trial and therefore violated the due process clause of the Fourteenth Amendment to the United States Constitution. Chambers, 410 U.S. at 302.

The defendant's argument in this case would stand the holding in Chambers on its head. The redacted version of Ms. Hill's statement offered by the defense would lead anyone to conclude that Ms. Hill, rather than the defendant, had killed Ms. Robinson. However, this was not the actual thrust of Ms. Hill's statements at all. When read in their entirety the statements clearly place the primary responsibility for Ms. Robinson's death on the defendant.

Tennessee Rule of Evidence 106 provides:

> **Writings or recorded statements - Completeness. -** When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Tennessee R. Evid. 106. This rule reflects the concern for fairness that the trier of fact be permitted to access related information in a statement without being mislead by hearing only selected portions of the statement. State v. Keough, 18 S.W.3d 175, 182 (Tenn. 2000). Enforcement of this rule under the facts of this case does not undermine the fact finding process as did the rule in Chambers. Quite

---

[1]In his brief the defendant asserts that other comments made by Ms. Hill in these statements should also have been admitted into evidence. However, the defendant's motion only sought admission of the statements redacted in the manner described above. The trial court specifically ruled that it was ruling only on the redacted version of the statements contained in the motion. The court never reached the issue of whether some other less misleading redaction would be acceptable.

the contrary, enforcement of this so-called "rule of completeness" enhances the integrity of the fact finding process. Id. Under these circumstances the trial court properly denied the defense request to introduce only selected portions of Ms. Hill's statement.

## The Motion to Sever

The defendant complains that the trial court erred in denying his motion to sever for trial the first degree murder count and the solicitation to commit first degree murder count in the indictment. We must disagree.

Tennessee Rule of Criminal Procedure 14(b)(1) provides:

> If two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b) the defendant shall have a right to severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon trial of the others.

Tenn. R. Crim. P. 14(b)(1).

There are three types of common scheme or plan evidence recognized in Tennessee:

> (1) offenses that reveal a distinctive design or are so similar as to constitute "signature" crimes: (2) offenses that are part of a larger, continuing plan or conspiracy; and (3) offenses that are all part of the same criminal transaction.

State v. Shirley, 6 S.W.3d 243, 248 (Tenn. 1999). Moreover, a trial judge's decision with respect to a motion for severance of offenses based on a lack of common scheme or plan evidence is one entrusted to the sound discretion of the judge and will not be reversed on appeal absent an abuse of that discretion. Id. at 245.

In the instant case, according to Daniel Jones, the defendant told Jones that he wanted someone to kill his wife, and Jones agreed to do it. Jones was to be compensated with a car and a CD player. Jones testified that he agreed to kill Ms. Robinson because he needed the car, but he stated that he never really intended to kill her.

Had the solicitation to commit first degree murder count and the first degree murder count been tried separately, Daniel Jones's testimony would have been admissible in the first degree murder trial as evidence of premeditation. See Tenn. R. Evid. 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes."); Shirley, 6 S.W.3d at 248 ("[W]hen offenses alleged to be parts of a common scheme or plan are otherwise relevant to a material issue at trial, then Rule 404 will not bar their admissibility into evidence"). That evidence would have shown that the defendant developed a plan to kill his wife, Stacy Robinson. Under the State's theory, when Daniel Jones failed to execute that plan, the defendant himself killed his wife. Therefore, the offenses were part of a larger, continuing plan to kill Ms. Robinson. Because the two offenses were part of a common scheme or plan and because the

evidence of the solicitation would be admissible in the murder prosecution, the trial court properly exercised its discretion in denying the severance motion.

## Admission of Photographs

The defendant complains that the trial court erred in admitting over his objection two photographs of the body of Stacy Robinson as it was found by fishermen. These photographs were admitted as Exhibits 8 and 12 at trial. However, they have not been included in the record before us on appeal. The appellant has the burden of presenting this court with a record that conveys a fair and accurate account of what transpired with respect to the issues raised on appeal. Tenn. R. App. P. 24(b); State v. Thompson, 36 S.W.3d 102, 108 (Tenn. Crim. App. 2000). Without a proper record this court is precluded from considering the affected issue and must presume the trial court acted properly. In the case of photographs this court cannot gauge their probity, their potential for unfair prejudice, or anything else about them without seeing them. This issue is therefore without merit.

## Consecutive Sentencing

As noted earlier the defendant received a twenty-three-year sentence for the second degree murder conviction and a nine-year sentence for the solicitation conviction. The trial court ordered the sentences served consecutively based upon the determination that the "defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115(b)(4).

The defendant raises two issues with respect to the consecutive nature of his sentences. First, he maintains that the trial court failed to make the required findings under State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995); i.e., that consecutive sentencing is reasonably related to the severity of the offenses committed and necessary to protect the public from further criminal acts by the offender. Id. at 938. Secondly, the defendant argues that because the trial court could not use as an enhancement factor that the defendant had no hesitation about committing a crime when the risk to human life is high, the court cannot use this factor in setting consecutive sentences.[2]

It is true that the trial court failed to make the required Wilkerson findings on the record before sentencing the defendant to consecutive sentences as a dangerous offender. Nevertheless, this Court may uphold consecutive sentencing if we are able to make the Wilkerson determinations from the record on appeal. See State v. Daronopolis R. Sweatt, No. M1999-2522-CCA-R3-CD, 2000 WL 1649502, at *9-*10 (Tenn. Crim. App. at Jackson, Nov. 3, 2000).

In the instant case the defendant tried to get someone else to kill Ms. Robinson. He offered Mr. Jones a car and a CD player to carry out the murder. Such a murder for hire, had it taken place, is an aggravating factor used to set such murders apart as deserving of the death penalty in appropriate first degree murder cases. See Tenn. Code Ann. § 39-13-204(i)(4). Thus, the defendant

---

[2]Tennessee Code Annotated section 40-35-114(11) provides that this is a factor for the enhancement of sentences. However, this element is inherent in second degree murder and cannot be used as an enhancement factor. State v. Belser, 945 S.W.2d 776 (Tenn. Crim. App. 1996).

was willing to procure the commission of a capital offense.  Secondly, when Mr. Jones failed to carry out the murder, the defendant himself, with the assistance of his girlfriend, killed Ms. Robinson in what appears to be a lengthy and painful manner.  Moreover, this was done while the defendant's young son was apparently visiting the defendant.  Ms. Robinson's body was then disposed of as if it were nothing but inconvenient trash.  Under these circumstances we have no hesitation in concluding that consecutive sentencing is reasonably related to the severity of the offenses and that the defendant is an individual from whom the public must be protected.

Finally, we note that contrary to the defendant's assertion on appeal, both the Tennessee Supreme Court and this Court have held that a trial court may impose consecutive sentences based upon a finding that the defendant is a dangerous offender even though the court could not apply the enhancement factor that the defendant had no hesitation about committing a crime when the risk to human life was high.  State v. Pike, 978 S.W.2d 904, 927-28 (Tenn. 1998); State v. Bruce Stevenson, No. E2000-00805-CCA-R3-CD, 2001 WL 29455, at *3-*7 (Tenn. Crim. App. at Knoxville, Jan. 12, 2001).  Under the circumstances presented in this case consecutive sentences are appropriate.

## Conclusion

In light of the foregoing the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE